IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03400-KLM

SEAN TAFOYA,

    Plaintiff,

v.

FALCON FIRE PROTECTION DISTRICT, and
TRENT HARWIG, individually and in his official capacity

    Defendants.

## STIPULATED PROTECTIVE ORDER

As set forth below, plaintiff Sean Tafoya ("plaintiff") and defendants Falcon Fire Protection District and Trent Harwig ("defendants") stipulate to the entry of an agreed protective order.

1. The parties represent that certain discovery materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery, will contain confidential non-public information of a personal, financial, and/or commercial nature which may constitute a trade secret or proprietary information. The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate privacy concerns. The parties intend this Stipulation and Order to address these concerns.

2. The parties understand that third parties may have a privacy interest in certain personal information and that such information relating to defendants' current and former employees has been requested in discovery by plaintiff. The parties enter into this Protective Order mandating that if any private information, including contact information, is produced, it

shall be produced under this Protective Order. These steps are reasonable and ensure that no privacy interests suffer serious invasion in nature, scope or impact.

3. Upon entry of an Order by this Court, this Protective Order that shall govern the production and disclosure of all information designated as "CONFIDENTIAL" pursuant to ¶ 7 through discovery and all pretrial processes. This Protective Order is not intended to govern at trial or appeal.

4. For purposes of this Protective Order, "Discovery Materials" shall include documents produced pursuant to the voluntary disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory answers, deposition testimony, and all other information that may be disclosed in the course of discovery in this action, as well as compilations or excerpts of such materials.

5. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Discovery Materials.

6. Each party shall keep confidential and not use or disseminate outside the boundaries of this litigation the records that have been designated as "CONFIDENTIAL" except as provided in ¶ 7 below.

7. Defendants hereby deem the following Discovery materials confidential, and designate the following Discovery Materials "CONFIDENTIAL":

    (a) Personnel records for current and former employees other than plaintiff Sean Tafoya.

The parties agree that only Discovery Materials specifically referenced in this paragraph as "CONFIDENTIAL" will be deemed "CONFIDENTIAL." The parties also agree to confer in good faith regarding the designation of additional Discovery Materials as "CONFIDENTIAL," upon discovery of additional Discovery Materials which either party deems confidential. *Parties shall use Mix's discovery procedures to address any disputes regarding designation of confidentiality.*

8. Except as provided in paragraphs 9 and 11, access to Discovery Materials designated "CONFIDENTIAL" shall be restricted in accordance with the following provisions:

(a) Discovery Materials, and any information extracted from them, which have been designated "CONFIDENTIAL" shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes;

(b) "CONFIDENTIAL" designated Discovery Materials shall only be disseminated or shown to: (1) attorneys who are members or associates of the law firms listed on the pleadings in this action, and who have appeared or filed a motion or application to appear pro hac vice ("Counsel of Record"), and to supporting personnel employed by Counsel of Record, such as attorneys, paralegals, legal secretaries, data entry clerks, legal clerks and/or private data entry, document management and photocopying services; (2) named individual parties, which includes employees of any company, assisting in the defense of the action; and (3) consultants, in accordance with the terms specified below in Paragraph 8(e). There shall be no other permissible dissemination of CONFIDENTIAL Discovery Materials.

(c) No copies or extracts of any document designated "CONFIDENTIAL" shall be made except by or on behalf of Counsel of Record; and such copies or extracts shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Protective Order.

(d) Counsel of Record may allow access to Discovery Material designated "CONFIDENTIAL" to their consultants, provided that any such consultant who is to receive such material shall be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit A. Consultants shall be specifically advised that the portion of their written work product, which contains or discloses the substance of Discovery Material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel of Record disclosing such material to consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings. No "CONFIDENTIAL" Discovery Material may be disclosed to a Consultant prior to execution of the form attached as Exhibit A.

(e) During depositions, Counsel of Record may question any witness about any Discovery Material designated "CONFIDENTIAL." However, where the witness or deponent testifies about such designated Discovery Material, the party who marked the material "CONFIDENTIAL" may instruct the Court Reporter to mark and seal such testimony as separate from the public record. Any "CONFIDENTIAL" document so referred to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the party that designated the document as "CONFIDENTIAL" absent a Court Order. Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked and "CONFIDENTIAL" potions, including exhibits consisting of "CONFIDENTIAL" documents, shall be bound separately by the Court Reporter, kept under seal, and maintained separately by the Court Reporter and the parties from the non-confidential portions of the transcript, including exhibits, except as otherwise stipulated by the Parties or Ordered by the Court.

(f) In the event that any "CONFIDENTIAL" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" Discovery Materials would be disclosed in any way therein, such Discovery Materials, and portions of pleadings or papers that contain the "CONFIDENTIAL" discovery materials shall be filed under seal. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL," as described herein.

9. Should one or more Counsel of Record wish to disclose any "CONFIDENTIAL" Discovery Materials produced by another party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" Discovery Materials, said counsel shall first provide Counsel of Record for the producing party with a clear, complete and concise statement of the reason for the proposed disclosure by written notice at least ten (10) business days prior to the proposed disclosure. The requesting Counsel of Record may include the name, address and business or professional affiliation and title (e.g., officer, director, etc.) of such person in the written notice. If Counsel of Record for the producing party objects in writing to the disclosure within said ten (10) business day period, then the party requesting consent shall not proceed with the proposed disclosure, the parties shall engage in good faith efforts to resolve the matter informally.

10. The disclosure of any Discovery Materials pursuant to the terms of this Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

11.   Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore, and within 60 days thereof:

(a)   Unless otherwise agreed, counsel for each party shall destroy all Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies thereof, or return such Discovery Materials to counsel for the party that produced the Discovery Materials. Counsel for each party shall also destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents containing such material; and

(b)   The Clerk of the Court shall, upon request of a party that produced any "CONFIDENTIAL" Discovery Materials, destroy all documents and things containing or referring to such Discovery Materials that were filed under seal pursuant to this Protective Order or return such materials to the filing party. As to those documents or things containing such information which cannot be so destroyed or returned, they shall be kept under seal and shall not be examined by any person without a Court order, after due notice to Counsel of Record, or the written stipulation of each Counsel of Record.

12.   Nothing contained in this Protective Order shall result in a waiver of rights, nor shall any of its terms preclude a party from seeking and obtaining, upon an appropriate showing, additional protection with respect to personal, financial, commercial, confidential, trade secret or other proprietary documents, information or any other discovery material or trade secrets, including, but not limited to, restrictions on disclosure.

13.   The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any party.

14.   Nothing in this Protective Order affects the admissibility of any documents, testimony, or other evidence at trial.

15.     This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation executed by the Counsels of Record or pursuant to a Court order. Insofar as they restrict the communication, treatment, and use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

IT IS SO ORDERED THIS 26TH DAY OF AUGUST, 2015.

_____
Magistrate Judge Kristen L. Mix

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03400-KLM

---

SEAN TAFOYA,

    Plaintiff,

v.

FALCON FIRE PROTECTION DISTRICT, and
TRENT HARWIG, individually and in his official capacity

    Defendants.

---

**DECLARATION OF _____ UNDER PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

    I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby acknowledge that I have received, or may receive, information designated as CONFIDENTIAL under a STIPULATED PROTECTIVE ORDER of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such STIPULATED PROTECTIVE ORDER.

5. I further state that I have (i) been given a copy of, and have read, the STIPULATED PROTECTIVE ORDER, (ii) I am familiar with the terms of the STIPULATED PROTECTIVE ORDER, (iii) I agree to comply with, and to be bound by, each of the terms thereof, and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the STIPULATED PROTECTIVE ORDER.

6. To assure my compliance with the STIPULATED PROTECTIVE ORDER, I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the limited purpose of any proceedings relating to performance under, compliance with, or violation of this PROTECTIVE ORDER.

7. I understand I am to (i) retain all of the materials I receive which have been designated as CONFIDENTIAL in a container, cabinet, drawer, room, or other safe place in a manner consistent with this STIPULATED PROTECTIVE ORDER; (ii) make no copies or other reproductions of any such materials; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as CONFIDENTIAL or containing any information contained therein are to be delivered to the party who provided the designated materials. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the STIPULATED ORDER. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the STIPULATED PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed

2